Jose Flores
12814 Victory Blvd, Suite 378
North Hollywood, California 91606
(818) 445 1769
Email address: info@globaleasytrade.com

Plaintiff Jose Flores in Pro Se

```
FILED
CLERK, U.S. DISTRICT COURT
DEC 16 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KMH___ DEPUTY
```

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Flores, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COINBASE GLOBAL, INC.,<br>COINBASE, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case Number:   2:21-cv-09733-JFW-Ex<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>DEMAND FOR PUNITY DAMAGES |

# COMPLAINT

Plaintiff Jose Flores ("Plaintiff or Flores"), in Pro Se, brings this action against Defendants Coinbase Global, Inc. and Coinbase, Inc. "collectively Coinbase or Defendants"; Plaintiff alleges as follows:

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a), and Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) & 90b-14.

2. Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this complaint.

3. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), and Section 214 of the Advisers Act, 15 U.S.C. § 90b-14, because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district.

4. This Court has jurisdiction over this action pursuant to diversity jurisdiction under 28 U.S. Code §1332(a)(1). Plaintiff is a citizen of Los Angeles County State of California. Defendants, Coinbase Global, Inc., and Coinbase, Inc. are Delaware corporations with headquarters offices in California.
2

COMPLAINT FOR DAMAGES                                    Case No:

5.  This Court has original jurisdiction because the amount in controversy exceeds the minimum amount required, exclusive of interests and costs.

## PARTIES

6.  Plaintiff, Jose Flores is an adult individual who resides in Los Angeles County California. Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendants conduct.

7.  Plaintiff is informed and believes that DOES 1 through 50 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

8.  Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff sues said Defendants by said fictitious name and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9.  Coinbase, Inc. is a Delaware company and wholly owned subsidiary of Coinbase Global, Inc. Coinbase is in the business of, inter alia, operating interactive cryptocurrency exchanges and other related businesses around the world via its website and cellular phone application.

COMPLAINT FOR DAMAGES          Case No:

10. As stated in Coinbase Global, Inc.'s August 11, 2021 Form 10-Q, Coinbase Global, Inc. and Coinbase, Inc. are operationally the same company- the companies are referred to by Coinbase Global, Inc. collectively as the "Coinbase or defendants" which operates globally and is a leading provider of end-to-end financial infrastructure and technology for the "crypto-economy "and "offers retail users the primary financial account for the crypto-economy, institutions a state of the art marketplace with a deep pool of liquidity for transacting in crypto assets, and ecosystem partners technology and services that enable them to build crypto-based applications and securely accept crypto assets as payment. Given the "corporations "expressly stated concerted activities, Coinbase Global, Inc. and Coinbase, Inc. are a single enterprise for purposes of liability for Plaintiff's claims.

11. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believe and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about,

4

authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 50.

12. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS.

13. Coinbase stated in 2012 and is an online platform that allows consumers all over the world the ability to securely send and receive Bitcoin. Currently, Coinbase has expanded its platform for accessing the broader crypto economy, including Ethereum. On April 15, 2021, Coinbase went public.

14. Coinbase is a regulated financial company, it processes credit card and direct bank deposits, it makes loans to customers, it collects personal private information and holds customers' accounts. In addition, Coinbase acts as "broker" because it processes orders from customers to buy, sell or convert digital assets or securities. Coinbase collects excessive fees for every service it provides. Coinbase also acts as agent for customers as it clearly knowledge it in the "user agreement", See

5

section 3. Payment Services, Purchase & Sale Transactions Credit Transactions; paragraph 3.2 **"When you purchase (buy) or sell Digital Currency on the Coinbase Site, you are not buying Digital Currency from Coinbase or selling Digital Currency to Coinbase. Coinbase acts as the agent, transacting on your behalf, to facilitate that purchase or sale between you and other Coinbase customers"**.

15. Coinbase routinely sent electronic messages or alerts to Flores advising of the potential grow of certain digital assets, in fact Coinbase also make Material representations as to allure customers such is Flores to buy or invest their funds on those digital assets.

16. On or about September 28, 2021 allured by the statements made online by defendants of high security, safe environment, fast executions of trades and the most efficient crypto exchange in the market Flores opened a basic account and fund it with transfers from his personal Wells Fargo bank account, the transfers dates from 9/28/2021 through 10/14/2021 with a total amount of $ 27,300

17. Flores also opened a Coinbase Pro account, primarily to save money on fees and to have better execution of trades, so on or about 10/15/2021 Flores opened and funded with $ 25,000 his Coinbase Pro account.

18. Flores researched online through YouTube tutorial videos, Flores quickly learn how to place orders to buy or sell crypto coins and tokens, On or around

6

early October Flores was successful and managed to build his up balance to about $ 47,000 trading different coins and tokens, such SHIBA and others.

19. On or about 11/10/2021 Flores, allured by the statements made by Coinbase "**GYEN is a stable-coin running on Ethereum that is intended to maintain a value of one Japanese Yen. The company behind GYEN, GMO-Z.com Trust company claims to hold reserves to fully back each GYEN**. Flores believe the coin had a huge potential and invested all his funds on this token. On 11/17/2021 Flores bought GYEN coin in his Coinbase basic account, he had 4,424,754.724706 GYENS at around 7.00 Flores have realized a big gain when GYEN surged to $ 0.0313 from the initial price of $ 0.0090 at that time his balance was $ 64,601.41 the gains represented 160% profits over his initial investment.

20. Flores, just like with his Coinbase pro account, once he realized big gains tried to convert his trade, the system created a ticket that confirmed, his conversion was successful but later Coinbase sent him an email that said the conversion was cancelled or was unsuccessful, Flores received a message from Coinbase stating as follows: "<u>**Account Restricted, You are currently unable to send crypto on Coinbase. Please visit**</u>" <u>https://support.coinbase.com for assistance.</u>

21. Flores' account was suspended, restricted by Coinbase and his funds were lockout, at some point after Flores tried several times to close his position by selling "GYEN" Flores' balance was $ 38,415.72 apparently Flores lost $ 26,185.69

7

COMPLAINT FOR DAMAGES                                        Case No:

and them later the funds were completely deleted by defendants. Flores was denied access to his funds, his gains and the opportunity to continue successfully trading other tokens such is GALA and CRO and coin for big gains.

22. Flores' basic Coinbase account funds of $ 64,601.41 were deleted by defendants and through this day remain deleted, taken or stolen by defendants.

23. On or about 11/17/21 at 22.00 through his Coinbase Pro account Flores bought 1,050,000 GYEN tokens at the price of $ 0.0090 with a total purchase of $ 12,600 next morning on 11/19/2021 at around 7.00 am GYEN coin surged to the price of $ 0.0313 at that time Flores have realized a balance of $ 15,300

24. Flores knew it was likely the GYEN coin reached its peak and he immediately set an order to sell the coin but the system did not work, Flores tried several times to sell the order but the system did not work, Flores was left to watch helpless how his gains vanished when GYEN coin continue crashing lower and lower and lower. at some point the webpage was not working properly the images stop working, and eventually a message appeared that said as follows: "**Trading suspended for GYEN due to technical reasons, we've disabled buying, selling, sending, receiving, and trading for GYEN, Our teams are working to fix this as quickly as possible - we apologize for any inconvenience**".

25. On or around 11/19/2021 Flores noticed his Coinbase Pro account's funds were lockout, his balance was $ 15,300 Flores tried several times to sell the position. Flores could not sell his trade position and his gains abruptly dropped to

8

COMPLAINT FOR DAMAGES                                   Case No:

$9,675.59 Flores lost $ 6,000 all because **Coinbase Pro** software failed or was intentionally disabled to keep Flores from selling the asset to his detriment. Flores was also denied the opportunity to continue trading other digital assets and profit from it.

26. Flores was trading Gala coin among others and was ready to buy the coin for a big gain since the Gala coin surged to 0.3190 which is a 36% gain in his Coinbase Pro account, this trade could represent a gain of $ 5,500 Flores was deny access to his funds and the opportunity to continue trading other coins and tokens for a serious gains, eventually Flores' funds completely disappeared or were deleted by defendants. Flores was denied access to his funds.

27. Flores tried to contact Coinbase through its horrible and inefficient "help desk page" to find out what the issue was, Flores sent several emails to Coinbase with no response, just genetic messages that resolved nothing.

## FIRST CLAIM FOR RELIEF

Violations of Securities Act of 1933 15 U.S.C §78r (a)

(Liability for misleading statements)

28. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 28.

29. On or about September 28, 2021 allured by the statements made online by defendants of "**high security, safe environment, fast executions of trades and the most efficient crypto exchange in the market**", Flores opened a basic account

9

COMPLAINT FOR DAMAGES         Case No:

and fund it with transfers from his personal Wells Fargo bank account, the transfers dates from 9/28/2021 through 10/14/2021 with a total amount of $ 27,300

30. Flores also opened a Coinbase Pro account, primarily to save money on fees and to have better execution of trades, so on or about 10/15/2021 Flores opened and funded with $ 25,000 his Coinbase Pro account.

31. On or about 11/10/2021 Flores, allured by the statements knowingly and willingly made by Coinbase as follows: "**GYEN is a stable-coin running on Ethereum that is intended to maintain a value of one Japanese Yen. The company behind GYEN, GMO-Z.com Trust company claims to hold reserves to fully back each GYEN**". Flores believe the coin had a huge potential and invested all his funds on this token. On 11/17/2021 Flores bought GYEN coin in his Coinbase basic account, he had 4,424,754.724706 GYENS at around 7.00 Flores have realized a big gain when GYEN surged to $ 0.0313 from the initial price of $ 0.0090 at that time his balance was $ 64,601.41 the gains represented 160% profits over his initial investment.

32. All the statements made by Coinbase turnout to be false, misleading and fraudulent, they were intended to trick Flores into investing his money in a fraudulent scheme to swindle Flores' funds.

33. As a proximate result of defendants' acts plaintiff has suffer substantial economic loss as described in the prayer and to be proven in trial.

COMPLAINT FOR DAMAGES                                    Case No:

# SECOND CLAIM FOR RELIEF

Violations of Securities Act of 1933 15 U.S.C §78j

(Manipulative and deceptive devices)

34. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 33.

35. Flores invest about $ 27,300 by direct bank deposit into his Coinbase account and proximally $ 25,000 into his Coinbase pro account from 9/8/2021 through 10/15/2021 at some point due to his success buying and selling crypto coins Flores managed to increase his initial investment of $ 27,300 to $ 47,300 in his Coinbase account.

36. On 11/17/2021 Flores bought GYEN coin in his Coinbase basic account, he had 4,424,754.724706 GYENS at around 7.00 Flores have realized a big gain when GYEN surge to $ 0.0313 from the initial price of $ 0.0090 at that time his balance was $ 64,601.41 the gains represented 160% profits over his initial investment.

37. On or about 11/17/21 at 22.00 through his Coinbase Pro account Flores bought 1,050,000 GYEN coin at the price of $ 0.0090 with a total purchase of $ 12,600 next morning on 11/19/2021 at around 7.00 am GYEN coin surge to the price of $ 0.0313 at that time Flores have realized a balance of $ 15,300

38. On 11/19/2021 Flores noticed he had realized big gains in both accounts and he quickly set orders to sell his trades of GYEN coin, to his surprise the webpage did not work; Flores, full of anguish tried several times to sell his trade but the system

COMPLAINT FOR DAMAGES                              Case No:

failed every time, at some point the GYEN coin started to drop and eventually crashed. Coinbase displayed a message in the screen stating as follows: **Account Restricted, You are currently unable to send crypto on Coinbase. Please visit" https://support.coinbase.com for assistance.**

39. Flores' accounts were suspended and his access restricted and his funds were lockout by Coinbase, Flores' funds were completely deleted from his accounts by defendants. Flores was denied access to his funds, his gains and the opportunity to continue successfully trading other tokens such is GALA and CRO and coin for big gains.

40. Coinbase fraudulently manipulated Flores' accounts by suspending his trades and the ability to sell his trades as he so wished to do so, Coinbase also manipulated and deleted information of his funds and gains and denied Flores the right to sell his trades to cash out his gains, Coinbase lockout Flores' funds and remain lockout to this day denying Flores the opportunity to continue successfully trading.

41. As a proximate result of defendants' acts plaintiff has suffer substantial economic loss as described in the prayer and to be proven in trial.

### THIRD CLAIM FOR RELIEF

Violations of Securities Act of 1933 15 U.S.C §78i(a)-(1), (2), (3), (4), (5) and (6)

(Manipulation of securities prices)

COMPLAINT FOR DAMAGES                                    Case No:

42. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 41.

43. On information and believe Plaintiff alleges that defendants engaged in concert with others by purposely using the social media, chat rooms and any other digital or electronic means to allure, excite and convince investors to trade GYEN coin. Plaintiff further believe defendants had an agreement with GYEN coin creators to promote and list the coin and defendants had substantially benefited from said agreement to Flores' detriment. On 1/17/2021 GYEN coin experimented am amazing Surge of about 160% in fact the website represented that 90% of active investors were buying the coin, on 11/19/2021 once defendants and GYEN coin creators reached their economic target suddenly the buyers percentage dropped to 20% and the GYEN coin drop and eventually crashed, soon after Coinbase delisted GYEN coin off their exchange.

44. Coinbase in concert with GYEN coin creators manipulated the coin for their benefit to the detriment of Flores.

45. As a proximate result of defendants' acts plaintiff has suffer substantial economic loss as described in the prayer and to be proven in trial.

## FOURTH CLAIM FOR RELIEF

(Breach of contract)

46. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 45.

COMPLAINT FOR DAMAGES                                    Case No:

47. Plaintiff entered into a written contract with defendants. The terms of the contract were found in the Sections of Coinbase's "user agreement" as follows:

    a. Section 1.5 (Access)

    b. Section 3.2 (Transactions of the Coinbase site)

    c. Section 5.2 (Coinbase Pro Services)

    d. Section 5.2-3 (Associated Tools)

    e. Section 5.5 (Advanced Trading)

    f. Section 7.7 (Suspension, Termination, and Cancellation)

    g. Section 1.5 (Part 2. COINBASE PRO, withdrawals)

    h. Section 3.2 (Part 2. COINBASE PRO, Suspension and Cancellation)

    i. Section 3.4 (No Investment Advice or Brokerage)

48. As more fully set forth in the paragraphs incorporated herein, Defendants breached the contract by failing to perform or to adhere to the terms of the sections described above.

49. Plaintiff has performed all covenants and conditions required under the contract or have been excused from doing so due to Defendant's breach.

50. As a proximate result of defendants' acts plaintiff has suffer substantial economic loss as described in the prayer and to be proven in trial.

## FIFTH CLAIM FOR RELIEF

(Breach of the Implied Covenant of good faith and Fair Dealing)

COMPLAINT FOR DAMAGES                                 Case No:

51. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 50.

52. One type of breach which the courts have recognized as being both a breach of contract and a tort is the breach of the implied duty of good faith and fair dealing. Every contract contains an implied duty of good faith and fair dealing in the performance and enforcement of the contract. This duty may require that parties *not interfere with or fail to cooperate in the other party's performance*. This is important because even if the contract does not explicitly require a party to cooperate or if the contract does not explicitly state that a party must not interfere, the duty of good faith and fair dealing may require that party to do so or else that party risks breaching the agreement.

53. Here, Defendants, and each of them, interfered with Plaintiff's ability to perform his obligations under the contract as more fully set forth in the paragraphs incorporated herein, Defendants breached the contract by failing to perform or to adhere to the terms of the sections described above. As a result, Defendants breached their contract with Plaintiff by interfering, sabotaging and manipulating the Plaintiff's ability to meet his requirements under the contract.

54. Defendants and each of them also acted with oppression, fraud, or malice and engaged in highly reprehensible and despicable conduct warranting exemplary damages.

55. As a proximate result of defendants' acts plaintiff has suffer substantial economic loss as described in the prayer and to be proven in trial.

## SIXTH CLAIM FOR RELIEF

(Negligence)

56. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 55.

57. At all relevant times, defendants had a duty to Plaintiff wherein it would properly secure or make sure GYEN coin or any other crypto currency protocols would work as intended and in the event a "technical error" occurred, defendants had the duty to investigate the error, provide provisional credit of the transactions in question to Flores and make his funds available so he could continue trading.

58. Defendants were negligent because (if, in fact a technical error occurred) they should investigate and identify the error, give provisional credit to Flores so to allow him to continue his trading. Here defendants were also negligent as more fully set forth in the paragraphs incorporated herein.

59. Defendants and each of them also acted with oppression, fraud, or malice and engaged in highly reprehensible and despicable conduct warranting exemplary damages.

60. As a proximate result of defendants' acts plaintiff has suffer substantial economic loss as described in the prayer and to be proven in trial.

## SEVENTH CLAIM FOR RELIEF

Violations to the Electronic Funds Transfer Act, 15 USC §1693f (a), (b),(c),(d) and (e)

(Fraud on the misrepresentation, inducement, securities' manipulation and embezzlement)

61.   Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 60.

62.   Defendants represented among other things as more fully set forth in the paragraphs incorporated herein. that it "maintains appropriate physical, technical and administrative safeguards to ensure that any Crypto currency (coin) they agreed to list in their exchange before it is listed or hosted. The so called "technical error" that occurred on 11/19/2021 was far more them that, in fact it was planned by defendants in concert with GYEN creators, defendants purposely and willingly manipulated GYEN coin to allure Flores to invest his money, they also manipulated the website to unable Flores from selling the trade once he made substantial gains.

63.   Defendants knew that the above referenced representations were false at the time they were made and that the above misrepresentations would damage Plaintiff.

64.   Plaintiff relied on these misrepresentations by continuing to transact his cryptocurrency through Coinbase. Plaintiff was reasonable in his reliance. Plaintiff reliance was ultimately detrimental.

65. On or about 11/19/2021 defendants in violation to the Electronic Funds Transfer Act, 15 USC § 1693f (a),(b),(c),(d) and (e), failed to conduct a good faith investigation of the so called "technical error" defendants failed to provide provisional credit to Flores so he could continue trading, defendants failed to identified and correct the technical error. Defendants suspended Flores' accounts, deleted and swindled Flores' funds. Defendants delisted GYEN coin off their exchange once they have accomplished their nefarious objectives.

66. As proximate result of Defendant's conduct, Plaintiff suffered significant economic loss. Defendants and each of them also acted with oppression, fraud, or malice and engaged in highly reprehensible and despicable conduct warranting exemplary damages.

## EIGHTH CLAIM FOR RELIEF

(Negligent misrepresentation)

67. Plaintiff realleges and incorporates by reference here the allegations in paragraphs 1 through 66.

68. Plaintiff alleges, in the alternative, that the misrepresentations of material facts set forth herein above by defendants were done negligently and recklessly, proximately resulting in injuries and damages to Plaintiff. As more fully set forth in the paragraphs incorporated herein.

COMPLAINT FOR DAMAGES                                    Case No:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

a. Actual economic damages owed to Plaintiff in the amount of $ 79,608.41

b. Future earnings economic loss in the amount of $ 500,000.00

c. Treble damages pursuant to the 15 U.S.C. § 1693(f);

d. Statutory damages pursuant to the 15 U.S.C. § 1693(m);

e. Costs of litigation pursuant to the 15 U.S.C. § 1693(m);

f. Pre-judgment interest pursuant to federal law; at an annual rate of 10% for a daily amount of $ 158.80 from 11/19/2021 till resolve

g. Post-judgment interest pursuant to 28 U.S.C. § 1961(a);

h. Punitive exemplary damages in the amount of $ 1,000,000.00

i. Injunctive relief; A court order, ordering defendants to install an effective real time customer support service system, in the way of live chat or over the phone where customers can find support and resolution to any problem at any time.

j. Injunctive relief; A court order, ordering Brian Armstrong, to step down as CEO of Coinbase, Inc. and Coinbase Global, Inc. for his systemic failure to safeguard investors and users' interest and to adhere to the applicable laws.

k. Any other relief the Court deems proper and just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby respectfully demands a trial by jury in this matter.

Respectfully Submitted in Sherman Oaks, California.

Dated: 12/16/2021

By: *[signature]*

Jose Flores Plaintiff in pro Se

COMPLAINT FOR DAMAGES                                    Case No: